THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:12-CV-239-GCM

| | |
|---|---|
| FERDINAND LABELLE, individually and ) derivatively as minority shareholder of ) MARTIN RENOVATIONS, INC., ) ) Plaintiff, ) ) v. ) ) MARTIN MARTIN and ERIC MARTIN ) Each individually and as current officers ) And/or directors of MARTIN ) RENOVATIONS, INC., 9085-0983 ) QUEBEC INC., and MARTIN MARTIN ) RENOVATIONS, INC., ) ) Defendants. ) | ORDER |

This matter is before the court on Defendant Eric Martin's Motions to Dismiss pursuant to Rule 12(b)(5), and in the alternative, Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court will first address the Rule 12(b)(5) motion to dismiss for insufficient service of process.

**I. Background**

Plaintiff Ferdinand Labelle ("Labelle") and Defendant Martin Martin ("M. Martin")were co-owners of Martin Renovations, Inc. ("MRI"), a closely-held corporation. Per a shareholder agreement, 140 shares of common stock were issued to 9085 Quebec, Inc., controlled by M. Martin, and 60 shares were issued to Plaintiff Labelle. Plaintiff alleges that in 2010, M. Martin implemented a scheme to force Labelle out of the company for M. Martin's own financial gain. In furtherance of the scheme, Labelle alleges that M. Martin used his controlling interest to add

his nephew, Eric Martin ("E. Martin"), and a friend, Denis Lefebvre, to MRI's Board of Directors. M. Martin then arranged to have the MRI Board vote on a Plan of Merger whereby MRI would be merged into a new entity under M. Martin's sole control, Martin Martin Renovations, Inc. ("MMRI"), thus ousting Labelle from the company. Labelle filed a Verified Complaint in the Mecklenburg County Superior Court on March 20, 2012 alleging various causes of action and attempting to enjoin the merger. A courtesy copy of the complaint was sent to E. Martin's counsel that same day. On March 31, 2012, Defendants completed the purported merger. On April 19, 2012, Defendants MRI and MMRI removed the case to this Court. Defendants MRI, MMRI, M. Martin and 9085 Quebec, Inc. have also moved to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

On April 16, 2012, Plaintiff sent a Request for Service Abroad of Judicial or Extrajudicial Documents to Quebec's Central Authority in order to effect service on E. Martin, believed to be a citizen and resident of Quebec, Canada. The request included: a North Carolina summons, a French translation of the North Carolina summons, a file stamped Verified Complaint, and a French translation of the file stamped Verified Complaint. Based upon information obtained from the Central Authority, the Affidavits of Service that were subsequently filed indicated that service was obtained on M. Martin, 9085 and E. Martin on May 1, 2012 by serving a copy of the Complaint on one "Yves Belanger", which the serving bailiff noted was the "roommate" of E. Martin at 5815 Boul. Gouin Est, Montreal. M. Martin contended by a May 24, 2012 affidavit that he does not have a roommate and that E. Martin has never resided at 5815 Boul. Gouin Est. The Affidavit further stated that Yves Belanger is an electrician who performed work on 5815 Boul. Gouin Est, M. Martin's home.

## II. Discussion

E. Martin contends that he was not properly served because he neither resides at the address where he was purportedly served, nor is Mr. Belanger his "roommate." Rule 4 of the Federal Rules of Civil Procedure permits service upon an individual in a foreign country pursuant to the Hague Convention. Plaintiff purportedly served the Canadian Defendants pursuant to the Hague Convention by transmitting the documents to be served to Canada's Central Authority, who then serves the papers in accordance with Canadian law. The Quebec Code of Civil Procedure provides that service may be effectuated at a person's residence by leaving a copy with a person of reasonable age. *See Eplus Tech., Inc. v. Aboud*, 155 F.Supp. 2d 692, 701 (E.D.Va. 2001).

Plaintiff argues that the confirmation of service by the Central Authority is sufficient to raise a presumption of proper service. In support of his argument, Plaintiff relies on the North Carolina Court of Appeals case of *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 586 S.E.2d 791 (2003), in which the court held that a presumption of proper service arose when service was made at defendant's residence even if received by an allegedly unknown person and defendant failed to establish that he did not in fact receive the summons. The *Granville* case is distinguishable, however, in that unlike in the present matter, service was actually attempted at the defendant's residence. Here, there is no dispute that service was not made at E. Martin's residence, as required by Canadian law.

Plaintiff also contends that since E. Martin has actual notice of this lawsuit, the Court should deny this motion. However, the case Plaintiff cited in support of this proposition*, McGill*

*v. Depinto*, 2011 U.S. Dist. LEXIS 64768 *13 (W.D.N.C. March 22, 2011), is clearly inapposite, as the defendants in that case, who were sued in both their individual and official capacities, were properly served in their official capacities. The court held that because the defendants had actual notice and the *pro se* plaintiff's complaint was otherwise subject to dismissal, the court assumed without deciding that it had personal jurisdiction over the defendants. *Id.*

The court finds that Plaintiff has failed to properly serve Defendant Eric Martin. Rather than dismiss, the Court hereby quashes the deficient service of process and directs Plaintiff to perfect service within a reasonable period of time.

**IT IS THEREFORE ORDERED** that Defendant Eric Martin's Motion to Dismiss pursuant to Rule 12(b)(5) is hereby DENIED, but Plaintiff's service of process on Defendant Eric Martin is hereby **QUASHED**. Plaintiff is directed to perfect service on Defendant Eric Martin within a reasonable period of time.

Signed: August 27, 2012

Graham C. Mullen
United States District Judge