THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:12-CV-239-GCM

| | |
|---|---|
| **FERDINAND LABELLE**, individually and derivatively as minority shareholder of **MARTIN RENOVATIONS, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **MARTIN MARTIN** and **ERIC MARTIN** Each individually and as current officers And/or directors of **MARTIN RENOVATIONS, INC.**, **9085-0983 QUEBEC INC.**, and **MARTIN MARTIN RENOVATIONS, INC.**, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the court on Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendants 9085-0983 Quebec, Inc. ("9085"), Martin Martin ("M. Martin"), Martin Renovations, Inc. ("MRI") and Martin Martin Renovations, Inc. ("MMRI"). The motion is fully briefed and ripe for review.

### I. Factual Background

Plaintiff Fernand Labelle ("Labelle") and Defendant M. Martin were co-owners of MRI, a closely-held corporation. Per a shareholder agreement, 140 shares of common stock were issued to 9085, controlled by M. Martin, and 60 shares were issued to Plaintiff Labelle. Labelle, acting in reliance on M. Martin's representations that the two would engage in an ongoing business relationship, with Labelle taking managerial lead and operations oversight, sold his profitable business in Canada, moved his family to South Carolina, and eventually opened five

MRI locations in the United States. Labelle worked for MRI for several years without salary or compensation.

Labelle alleges that in 2010, M. Martin implemented a scheme to force Labelle out of the company for M. Martin's own financial gain. In furtherance of the scheme, M. Martin used his controlling interest to add his nephew, Eric Martin ("E. Martin"), to MRI's Board of Directors. M. Martin then fired Labelle in the fall of 2011, and demanded Labelle's shares. Labelle refused. Martin then used his controlling interest to elect his friend, Denis Lefebvre, to the MRI Board over Labelle's objection.

At the meeting in which he added Lefebvre, M. Martin gave oral notice that another board meeting would be held on Feb. 27, 2012. The next day, counsel sent an e-mail with a copy of a proposed merger plan and a proposed board resolution adopting the merger to Labelle's counsel. On Feb. 27, 2012, the new Board approved the merger plan. M. Martin, as a financially interested party, abstained. This merger combined MRI with MMRI and gave sole control of the corporation to M. Martin, thereby ousting Labelle.

On Feb. 29, 2012, M. Martin, on behalf of 9085, issued a Notice of Special Meeting of MRI shareholders. At the shareholder's meeting, held on March 12, 2012, M. Martin voted all of 9085's 140 shares in favor of the merger, and Labelle voted his 60 shares against. E. Martin was not present and did not vote.

Labelle filed an action in the Mecklenburg County Superior Court on March 20, 2012, alleging various causes of action, including: (1) frustration of his minority shareholder interests pursuant to *Meiselman v. Meiselman*, 309 N.C. 279, 307 S.E.2d 551 (1983); (2) individual and derivative claims for breach of fiduciary duty, duty of good faith, and duty of loyalty and due care; (3) unjust enrichment; (4) constructive fraud as to Defendant M. Martin; (5) negligent

misrepresentation as to Defendant M. Martin; (6) civil conspiracy; (7) unfair and deceptive trade practices; (8) wrongful termination; and (9) declaratory judgment as to the parties' respective rights under the MRI shareholder agreement. Labelle sought various forms of relief, including judicial dissolution, payment of fair value for his shares, compensation for the deprivation of his reasonable expectations as a minority shareholder, compensatory damages for the various state tort claims, and punitive and treble damages.

On March 31, 2012, Defendants completed the merger. On April 19, 2012, Defendants removed the case to this court.

## II. Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). However, the court need not accept legal conclusions drawn from the facts, unwarranted inferences, unreasonable conclusions, or arguments. *Id*. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Moreover, "[t]hreadbare recitals of the elements of a case of action, supported by mere conclusory statements" are insufficient to survive a 12(b)(6) motion. *Ashcroft*, 129 S.Ct. at 1942.

## III. Discussion

Defendants' Motions to Dismiss are based solely upon the argument that Plaintiff has failed to comply with the procedural requirements of N.C. Gen. Stat. §55-13-20 and §55-13-22 to perfect his appraisal rights, and thus his claims are barred. Defendants also argue that Article 13 of Chapter 55 of the North Carolina General Statutes creates exclusive remedies with respect to challenging the fair value of a shareholder's shares in the event of a merger,

and all plaintiff's claims are based on the "essential theme" of the fair value of plaintiff's shares.

Article 13 of the North Carolina Business Corporation Act sets forth a procedure which dissenting shareholders must follow in order to challenge a cash-out merger. While Article 13 is generally the vehicle by which an aggrieved shareholder may receive fair value for his shares following a freeze-out merger, it is not the exclusive remedy when the transaction is an "interested transaction," in that it was effected by persons having a conflict-of-interest, or was unlawful, in that it was not effected in accordance with the required statutory procedures, the corporation's articles of incorporation, bylaws, or resolutions of the board of directors authorizing the transaction. *See* N.C. Gen. Stat. §55-13-40(b)(1) and (3).

A review of Labelle's Complaint reveals that he has alleged facts, which, if proved, would establish his claim that the merger is invalid because the approval of the Plan of Merger and the subsequent merger were the result of conflict-of-interest transactions. Plaintiff has also alleged facts sufficient to support his claim that the merger was an unfair transaction and was otherwise unlawful. In addition, Labelle's claimed damages go beyond seeking fair value for his shares, unlike the plaintiffs in *IRA ex rel. Oppenheimer v. Brenner Cos., Inc.*, 107 N.C. App. 16, 419 S. E.2d 354 (1992) and *Werner v. Alexander*, 130 N.C. App. 435, 502 S.E.2d 897 (1998), relied upon by Defendants in support of their Motions to Dismiss. In short, Plaintiff has alleged claims for relief that are plausible on their face, and Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) must be denied.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss are hereby DENIED.

Signed: October 31, 2012

Graham C. Mullen
United States District Judge